## NAT MONTAGUE, ET AL., v. NATHAN MAHAN.

**Judgment Conclusive.**

> Where the vendee of real estate brings an action against another claimant for the land in ejectment, and the title is put in issue and judgment rendered for the defendant, the privity between the vendor and vendee is such as to make the action on the part of the vendee against these parties conclusive in an action in ejectment afterward instituted by the vendor against the same parties to recover the same land.

### APPEAL FROM SIMPSON CIRCUIT COURT.

March 20, 1879.

OPINION BY JUDGE PRYOR:

It is distinctly averred in the answer of the appellants that the vendee of the appellee instituted an action of ejectment against him for the recovery of this identical land, that the title was placed in issue by the answer, and upon the trial the jury found for the defendants. The appellee in his reply admits the institution of the ejectment by Neely, and that a judgment was rendered for the defendants, but denies that he is estopped to institute another action, by reason of the former verdict and judgment against his vendee.

Why the judgment is not conclusive we cannot well see. The privity between the vendor and vendee was such as to make the action on the part of the vendee against these parties conclusive in the present action on the part of the vendor to recover the same property. There is nothing in this record to show that there was a nonsuit in the action brought by Neely, but on the contrary there was a verdict and judgment for the defendants. The court below should have adjudged on the pleadings in favor of the appellants.

The judgment is *reversed* and cause remanded for further proceedings consistent with this opinion. The court may in its discretion allow the reply to be amended, but this court will not so direct.

*W. M. Gorin, for appellants.   G. W. Whitesides, for appellee.*